UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 20-80774-CIV-DIMITROULEAS/MATTHEWMAN

FARFROMBORINGPROMOTIONS.COM,
LLC, a Florida limited liability company,

    Plaintiff,

vs.

CHARLES CAMPBELL a/k/a CHARLES
BURRELL CAMPBELL, an individual,
HUA CHAU, et al.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HUA CHAU'S MOTION *IN LIMINE* [DE 50]

**THIS CAUSE** is before the Court upon the Defendant, Hua Chau's ("Defendant") Motion *in Limine* with Respect to the Evidentiary Hearing on His Motion, Pursuant to Fed. R. Civ. P. 12(b)(4) & (5), to Quash Process and Service of Process ("Motion") [DE 50]. This matter was referred to the undersigned by the Honorable United States District Judge William P. Dimitrouleas. *See* DE 31. Plaintiff, FarFromBoring Promotions.Com, LLC ("Plaintiff") has filed a response [DE 58], and Defendant has filed a reply [DE 61].

The Court previously set an evidentiary hearing on Defendant's Motion to Quash Process and Service of Process [DE 30]. *See* DE 37. The hearing is to be conducted via Zoom video teleconference (VTC) on Tuesday, September 1, 2020, at 10:00 a.m. *Id.* Defendant's Motion seeks to invoke the Rule of Sequestration (pursuant to Federal Rule of Evidence 615) so that Plaintiff's process server, Scott Nance, cannot see Defendant or his brother on Zoom VTC. *Id.* at 2-3.

1

Defendant also requests an Order "precluding Plaintiff from making argument or proffering testimony or evidence regarding any service or attempted service that may or may not have occurred after the challenged service at issue in this particular motion" on the basis that such argument or testimony is irrelevant. *Id.* at pp. 3-5. Finally, Defendant requests that the Court preclude Plaintiff from arguing and presenting evidence regarding confidential and inadmissible settlement discussions between the parties and their counsel, which occurred after the service of process challenged by Defendant's Motion. *Id.* at pp. 6-7.

In response, Plaintiff argues that it is necessary for the process server to see Defendant and his brother so that he can determine which individual the process server actually served and that it would prejudice Plaintiff if the process server were not permitted to see the brothers on Zoom VTC. [DE 58, pp. 2-3]. Plaintiff contends that it intends to limit the scope of the evidence at the hearing and that it only intends to introduce one text dated May 16, 2020, from Defendant to Richard Stillman, stating "Thanks for lawsuit", and for the sole purpose of establishing that Defendant was served on May 16, 2020. *Id.* at pp. 3-4.

In reply, Defendant asserts that the parties had an agreement as to the invocation of the Rule, but Plaintiff has since rescinded that agreement. [DE 61, p. 3]. Defendant also argues that Plaintiff has not shown that it is entitled to any exceptions from the Rule. *Id.* Defendant contends that the May 16, 2020 text "besides being made post Challenged Service, is not evidence of proper service, just an acknowledgement that Chau had become aware of a lawsuit, and is also inadmissible as being made in the context of Plaintiff and Chau's settlement discussions." *Id.* at p. 7. According to Defendant, "that text, should be specifically barred, along with all the other argument, testimony and evidence referenced in ¶8, and fn. 2-4 of the Motion in Limine." *Id.*

The Court will first consider Defendant's invocation of the Rule. Federal Rule of Evidence

2

615 provides that, at a party's request, "the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. However, Rule 615 "does not authorize excluding: (a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or (d) a person authorized by statute to be present." *Id.* "The party moving for an exception to the sequestration rule bears the burden of showing the exception is warranted." *United States v. Peter R. Brown Constr., Inc.*, No. 8:12-CV-942-T-33MAP, 2014 WL 12614496, at *2 (M.D. Fla. Feb. 18, 2014) (citing *United States v. Forehand*, 943 F. Supp. 2d 1329, 1331 (M.D. Ala. 2013)). "The movant must overcome a 'strong presumption' in favor of sequestration." *Id.* (quoting *Forehand*, 943 F. Supp. 2d at 1331).

Here, it seems to the Court that the real dispute is whether the process server should be able to see Defendant and his brother on Zoom VTC while the process server testifies. Plaintiff does not really argue that the process server should be permitted to hear Defendant's or his brother's testimony. And, of course, the process server should not be permitted to hear any testimony of Defendant or Defendant's brother before the process server testifies. Therefore, since Defendant invoked the Rule, the Court will not permit Plaintiff's process server to attend the hearing, listen in, or watch the hearing while Hua Chau and Dara Chau testify. Plaintiff's counsel shall ensure compliance by the process server with this Order.

Next, when it is the process server's turn to testify during Plaintiff's presentation of evidence, the Court will first require the process server to testify without seeing Defendant or Defendant's brother. That is, when the process server initially testifies, the video of Defendant and Defendant's brother shall be turned off so that the process server cannot see either of them. The

3

process server shall initially testify as to the physical description of the person he allegedly served and all other relevant testimony without viewing Defendant or his brother. After his initial testimony is concluded, including cross-examination, the Court shall then permit the process server to observe both Hua Chau and Dara Chau on the Zoom VTC and testify further, subject, of course, to further cross examination. Since Rule 615 has been invoked, Defendant, who is a party, shall be permitted to listen to the process server's entire testimony, but Defendant's brother, who is a non-party, shall not be permitted to listen to the initial portion of the process server's testimony. Defendant's counsel shall ensure compliance with this Order by Defendant's brother.

The Court finds this process to be fair to both sides, in compliance with Fed. R. Evid. 615, and necessary for the Court to determine credibility issues. Moreover, there will be no prejudice to any of the parties because of the evidence, information, and argument already in the court record and because this procedure will permit the Court can make a credibility determination as to all of the witnesses' testimony.

Next, Defendant requests that the Court preclude Plaintiff from making argument or proffering testimony or evidence regarding any service or attempted service that may or may not have occurred after the challenged service at issue in the motion to quash, and from arguing and presenting evidence regarding confidential and inadmissible settlement discussions between the parties and their counsel. The Court will deny these requests without prejudice to Plaintiff renewing its arguments at the September 2, 2020 evidentiary hearing when the evidence is sought to be introduced. There is no jury here. Evidentiary hearings are similar to non-jury trials, and "courts are advised to deny motions in limine in non-jury cases." *Bujarski v. NCL (Bahamas) Ltd.*, No. 1:15-cv-21066-UU, 2016 WL 7469997, at *1 (S.D. Fla. Jan. 7, 2016) (quoting *Singh v. Caribbean Airlines Ltd.*, No. 13-20639, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014)).

Moreover, when there is a bench trial, "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *Jones Superyacht Miami, Inc. v. M/Y Waku*, No. 19-20735-CIV, 2020 WL 1666724, at *7 (S.D. Fla. Apr. 3, 2020) (quoting *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005)); *see also Searcy v. United States*, No. 19-80380-CV, 2020 WL 4187392, at *3 (S.D. Fla. July 21, 2020).

Here, the undersigned would prefer to, and shall, rule on any objections as to testimony, evidence, and argument on a proper record and in real-time. The undersigned can also determine what weight, if any, to give any admitted testimony, evidence, and argument. The undersigned notes that Plaintiff represented in its response to the Motion that it intends to only introduce relevant argument and evidence at the evidentiary hearing and that it is primarily relying on the May 16, 2020 text message, which the Court does find to be clearly relevant to the pending Motion.

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion in Limine with Respect to the Evidentiary Hearing on His Motion, Pursuant to Fed. R. Civ. P. 12(b)(4) & (5), to Quash Process and Service of Process [DE 50] is **GRANTED IN PART AND DENIED IN PART.**

2. To the extent that Defendant is seeking to preclude Plaintiff from introducing certain evidence, testimony, and argument at the evidentiary hearing, the Motion is DENIED WITHOUT PREJUDICE as stated in this Order.

3. To the extent that Defendant is invoking the Rule, the Motion is GRANTED IN PART AND DENIED IN PART. Plaintiff's process server will not be permitted to listen, watch, or attend the testimony of Hua Chau or Dara Chau, but the process server will be permitted to view Hua Chau and Dara Chau on Zoom VTC after he completes his initial testimony, in full compliance with the process described above. Further, Defendant's brother shall not be permitted to listen,

watch, or attend the initial testimony of the process server. Since the Rule of Sequestration, Fed. R. Evid. 615, has been invoked, counsel for the parties shall ensure compliance with the Rule as specified in this Order. The Court expressly prohibits any party, non-party, or counsel from circumventing or attempting to circumvent this Order and Rule 615, by emailing, texting, or communicating in any way with any witness before or during the witness' testimony in an effort to tailor the witness' testimony in light of another witness' testimony, including providing the witness with the contents or summary of another witness' hearing testimony.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of August, 2020.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge