UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 20-80774-CIV-DIMITROULEAS/MATTHEWMAN

FARFROMBORINGPROMOTIONS.COM,
LLC, a Florida limited liability company,

    Plaintiff,

vs.

CHARLES CAMPBELL a/k/a CHARLES
BURRELL CAMPBELL, an individual,
HUA CHAU, et al.,

    Defendant.
_____/

FILED BY KJZ D.C.

Aug 31, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### ORDER GRANTING DEFENDANT, HUA CHAU'S MOTION TO QUASH PROCESS AND SERVICE OF PROCESS [DE 30]

**THIS CAUSE** is before the Court upon Defendant, Hua Chau's ("Defendant") Motion, Pursuant to Fed. R. Civ. P. 12(b)(4) & (5), to Quash Process and Service of Process ("Motion") [DE 30]. The Motion was referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. *See* DE 31. Plaintiff, FarFromBoring Promotions.Com, LLC ("Plaintiff") has filed a response [DE 41], and Defendant has filed a reply [DE 52].

The undersigned previously scheduled an evidentiary hearing on the Motion via Zoom Video Tele-Conference (VTC) for September 1, 2020. [DE 37]. However, on August 28, 2020, Plaintiff and Defendant filed a Joint (I) Stipulation, and (II), Motion for Rendition of an Order Without an Evidentiary Hearing [DE 65]. As explained below, the Court accepts the Stipulation, and there is no longer any need to hold an evidentiary hearing, as the Court is able to rule on the papers.

1

## I. MOTION, RESPONSE, AND REPLY

### Defendant's Motion

According to Defendant, he was not properly served with process and the Complaint under federal, Florida, or Tennessee law. [DE 30, p. 2]. He claims that his brother, Dara (who weighs about 160 lbs.), not Defendant (who weighs about 250 lbs.), was the individual who was served in Tennessee. *Id.* Defendant asserts that the residence in Tennessee where he is alleged to have been served is a farm and is his brother's residence. *Id.* at pp. 2-3. He also represents that he was not at the farm on the day he was allegedly served. *Id.* at p. 3. Defendant argues that Plaintiff has not complied with Fed. R. Civ. P. 4(e) in that Plaintiff's process server failed to follow either Tennessee or Florida state law for serving a summons. *Id.* at pp. 4-5.

Attached to the Motion is the Declaration of Hua Chau [DE 30-1], wherein he attests that his brother was the individual who was served. Also attached is the Declaration of Dara Chau [DE 30-2], who states that he, rather than Defendant, was served and that the farm is Dara's residence and not Defendant Chau's.

### Plaintiff's Response

Plaintiff argues that Defendant has failed to meet his burden of establishing the invalidity of service of process by clear and convincing evidence. [DE 41, pp. 2-3]. It contends that the process server complied with Rule 4(e)(1) and (2)(A) and/or (B) by personally serving Defendant at his dwelling or usual place of abode. *Id.* at pp. 1-2. Plaintiff asserts that the two Declarations are self-serving and that Defendant acknowledged notice of the lawsuit in a text on May 16, 2020. *Id.* at pp. 3-5. Plaintiff explains that its additional attempts to serve Defendant confirm that the Tennessee residence where he was served is his dwelling or usual place of abode. *Id.* at p. 4.

2

Defendant's Reply

Defendant again argues that he was not properly served as his brother Dara was served at Dara's residence. [DE 52, pp. 2-3]. Defendant also asserts that any later service is irrelevant to whether he was properly served on May 16, 2020. *Id.* at pp. 3-4. According to Defendant, his residence and usual place of abode is with his wife at 204 Lancelot Lane, Franklin, Tennessee 37064. *Id.* at p. 3.

## II. THE PARTIES' STIPULATION

In the Stipulation, filed on the eve of the evidentiary hearing, the parties first note that they have now stipulated to admission of all of the exhibits described in Defendant Chau's Exhibit List [DEs 49, 54], including the Declarations of Chau [DE 30-1, Defendant's Exhibit List, DE 49, Ex. M], and his brother, Dara [DE. 30-2, Defendant's Exhibit List, DE 49, Ex. N]. *See* DE 65, p. 2. The parties also note that they have stipulated to admission of all of the exhibits on Plaintiff's Exhibit List [DEs 53, 55]. *Id.*

Next, the parties represent that have recently stipulated as to the following facts: (1) Defendant Chau resides at 204 Lancelot Lane, Franklin TN; (2) Dara Chau resides at the Farm; and (3) Nance, the Process Server, having reviewed the photographs of Defendant Chau and Dara, contained within their respective Tennessee state drivers' licenses, and Defendant Chau's Tennessee state Concealed Handgun Carry Permit, is unable to conclusively distinguish between the two, nor identify which one of the two of them that he gave the summons and Complaint to when he attempted service on the Alleged Time and Date of Service at the Farm. [DE 65, pp. 2-3].

## III. APPLICABLE LAW

"If a plaintiff makes a prima facie showing of proper service, the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process." *Atlantis Marine Towing Salvage & Servs., Inc. v. M/Y O'Machine*, No. 19-20783-CIV, 2019 WL 5209153, at *2 (S.D. Fla. Aug. 21, 2019). Federal rule of Civil Procedure 4(e) states that

> an individual…may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In its response to Defendant's Motion, Plaintiff relies on both Rule 4(e)(1) and 4(e)(2)(A-B). Rule 4(e)(1) implicates both Florida and Tennessee law since the case was filed in Florida and service was made in Tennessee. Under Florida law,

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.

Fla. Stat. 48.031(1)(a). Moreover, except as otherwise provided in the Florida statutes, "service of process on persons outside of this state shall be made in the same manner as service within this state by any person authorized to serve process in the state where the person is served. No order of court is required." Fla. Stat. 48. 194(1).

Tennesse Rule of Civil Procedure 4.04 states that service shall be made upon an individual by "delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling

4

house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served." Tenn. R. Civ. P. 4.04(1). Additionally, the relevant Tennessee statute states that service shall be made upon an individual by

> delivering a copy of the warrant, writ or other papers to the individual personally, or if the individual evades or attempts to evade service, by leaving copies of the warrant, writ or other papers at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing in the dwelling house or usual place of abode, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Tenn. Stat. 16-15-903(1).

## IV. ANALYSIS

In light of the parties' representations in their Stipulation, the evidence they have presented, the parties' various stipulations, and Mr. Nance's concession that he is not sure whether he personally served Defendant Chau or Defendant Chau's brother, the Court finds that there is strong and convincing evidence of insufficient process in this case. The Court also finds that the referenced service of process upon Defendant Chau on May 16, 2020, did not comply with the Federal Rules or state statutes listed above.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The parties' Stipulation is accepted and **APPROVED**.[1] The parties' Motion for Rendition of an Order Without an Evidentiary Hearing [DE 65] is **GRANTED**.

---

[1] In the parties' Stipulation and Motion, they erroneously refer on several occasions to "the Magistrate Court" [DE 65, pp. 2-3], but counsel should be aware that there is no such thing. There is the United States District Court, and, sitting on the District Court are United State District Judges and United States Magistrate Judges.

2. Defendant's Motion, Pursuant to Fed. R. Civ. P. 12(b)(4) & (5) to Quash Process and Service of Process [DE 30] is **GRANTED**.

3. This ruling is without prejudice to Plaintiff's ability to attempt to perfect service on Defendant Chau. The undersigned notes that the deadline to effectuate service upon Defendant Hua Chua has been extended until September 24, 2020. [DE 35].

4. The hearing scheduled for September 1, 2020, is **CANCELLED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 31st day of August, 2020.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge